UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-3-KSF

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                            **OPINION & ORDER**

MARK WILLIAM SMITHER                                                              DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Mark William Smither, to suppress evidence found in connection with a search of his residence. The defendant requests a hearing on the motion to suppress. After reviewing the motion to suppress, the parties' objections and relevant law, the court finds that a hearing is unnecessary and will deny the motion to suppress.

I.      **RELEVANT FACTS**

On October 10, 2007, the Madison Circuit Court issued a search warrant of defendant's home which was executed later that evening. The search warrant was supported by an affidavit by Detective Clyde Bertram of the Kentucky State Police Internet Crimes Against Children Unit. The defendant was present during the search. Officers seized various computer hardware, software, CDs, DVDs, VHS tapes, a webcam and other electronic equipment. Detective Bertram mailed the search warrant return to the Madison Circuit Court Clerk's Office on October 11, 2007. The return was received and filed by the Madison County Clerk on Monday October 15, 2007.

The affidavit in support of the search warrant contained the following information: On March 29, 2007, Detective Bertram was assigned a lead that was initiated by the FBI in January, 2007, regarding the trade of child pornography via the internet. FBI investigators identified an individual

in Ohio named Lee Sly as being involved in the trading of child pornography. The results of a search warrant served on America Online for the contents of Sly's email revealed that one of the 125 suspects identified as trading with Sly was using the AOL screen name "LOOLNNLEX@aol.com." The screen name user was identified as Mark Smither who lived in Lexington, Kentucky. Detective Bertram located Mark Smither who moved from Lexington to Richmond, Kentucky.

On August 27, 2007, Detective Bertram photographed the residence in Richmond, Kentucky belonging to Mark Smither and observed him exit his vehicle and enter the apartment. On October 8, 2007, Detective Bertram drove to the residence and received information from a neighbor that the man that drives the red car was still living at the residence and was the same person who had been living there for the past few months.

## II.     ANALYSIS

The defendant argues that the search and seizure pursuant to the October 10, 2007, search warrant was unlawful and unconstitutional for various reasons.

### 1.     Probable Cause & Staleness

First, the defendant argues that the affidavit in support of the search warrant was "woefully inadequate to justify the issuance of a search warrant." The United States argues that the affidavit was sufficient to establish probable cause to search for child pornography in the defendant's residence.

The parties do not dispute the requirements of the probable cause standard of the Fourth Amendment. The Fourth Amendment provides that "no warrant shall issue, but upon probable cause, supported by Oath or affirmation . . . ." United States Const. Amend. IV. Probable cause is defined to be reasonable grounds for a belief, supported by less than *prima facie* proof but more than

mere suspicion. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Probable cause exists when there is a "fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005). It is well established that the determination of probable cause by the issuing magistrate is afforded great deference and will be reversed only if arbitrary. *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (*en banc*).

The affidavit set forth facts regarding the trading of child pornography from Sly to 125 individuals, including the defendant. Further, it set forth Detective Bertram's qualifications, experience and opinions about why he believed evidence of Sly's transfer of the illicit images meant that evidence of child pornography would be found in the defendant's residence. In particular, it stated that based on his experience and consultation with trained officers within the Electronic Crime Section of the Kentucky State Police, "subjects who download child pornography multiple times tend to be collectors of child pornography, often maintaining downloaded files for an indefinite period of time" and often maintain such data on mobile storage media such as CDs or DVDs. It also explained that his consultations with computer forensic experts advised him that such "data is often retained and may be retrieved through a forensic examination of the computer, even after the data has been deleted." This information is sufficient to establish "a fair probability that evidence of a crime [would] be located on the premises of the proposed search." *Jenkins*, 396 F.3d at 760. *See United States v. Adkins*, 169 Fed. Appx. 961 (6th Cir. 2006)(court determined that affidavit which contained "institutional knowledge" regarding likelihood that child molester would also possess child pornography, established probable cause to search defendant's house and car for child pornography).

Second, the defendant argues that the information contained in the affidavit in support of the search warrant was stale because the emails from Sly's account were from six months before authorities executed the search warrant. "The mere length of time between the events listed in the affidavit and the application for the warrant, while clearly salient, is not controlling." *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). "A warrant is stale if the probable cause, while sufficient at some point in the past, is now insufficient as evidence at a specific location." *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006). Generally, the Sixth Circuit has identified factors that the court should consider in determining whether the information contained in an affidavit and application for a warrant is stale: the nature and duration of the offense, the defendant's course of conduct, the nature of the relevant evidence and any corroboration of the information. *United States v. Gardiner*, 463 F.3d 445, 471 (6th Cir. 2006), and application of these factors here indicates that the information was not stale. Further, in *United States v. Paull*, 551 F.3d 516, 522 (6th Cir. 2009), the Sixth Circuit held that because the crime is generally carried out in the secrecy of the home and over a long period, the same time limitations that have been applied to more fleeting crimes does not control the staleness inquiry for child pornography, indicating that the time period may be longer than usual and the factors need not be rigidly applied.

The first factor considers whether the crime at issue is a one-time occurrence or part of ongoing criminal activity. The Sixth Circuit has recognized that information suggesting "ongoing criminal activity" is more durable that information of discreet offenses. *United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001). Here, the affidavit contained information that the defendant traded child pornography on eight occasions. This is sufficient to suggest that the offense was ongoing especially given the nature of the criminal activity. Courts which have considered the character of

4

child pornography crimes have rejected the characterization of such sexual offenses as being isolated or sporadic in nature. In fact, it has been held that "traditional concepts of staleness that might apply to the issuance of search warrants for contraband or drugs do not mechanically apply to situations . . . where the object of the search is for images of child pornography stored on a computer." *See Untied States v. Miller*, 450 F.Supp.2d 1321, 1335 (M.D. Fla. 2006) (citing *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994)).

The second factor addresses whether the suspected criminal is "nomadic" or "entrenched." The defendant argues that he had moved since the information about the residence associated with the email account was obtained. Obviously, if a criminal defendant moves frequently with the hope of avoiding detection or capture, the possibility that evidence of his or her criminal conduct will be found in a given location diminishes rapidly with the passage of time. *Abboud*, 438 F.3d at 573. However, a single change of residence by the defendant does not necessarily indicate that the defendant was "nomadic." "Commonsense . . . suggests that individuals who have a continuing interest in child pornography have extremely limited options that preclude them from being nomadic." *United States v. Wiser-Amos*, 2007 WL 2669377 (W.D. Ky. Sept. 7, 2007). Further, simply moving to a new residence does not suggest that computer equipment or media storage would be destroyed or replaced. This is especially true when the equipment or storage is held by a person who trades in child pornography as they have a recognized propensity to collect and store materials related to their activities for a long period of time. *See United States v. Wagers*, 452 F.3d 534, 540 (6th Cir. 2006) and *United States v. Riccardi*, 405 F.3d 852, 861 (10th Cir. 2005).

The third factor considers whether the nature of the alleged evidence is "perishable," "easily transferable," or "of enduring utility to its holder." *See Abbound*, 438 F.3d at 573. Child

pornography has an "enduring" quality to the perpetrator. Courts that have addressed staleness challenges in pornography cases have recognized that pedophiles and collectors of pornography, particularly involving children, often hoard their material and do not discard it. As such, these courts have concluded that information relating to "continuing offenses," such as collecting pornography and sexual abuse, have more durability than offenses that are random or isolated. *See, e.g., United States v. Shields*, 458 F.3d 269, 279, n.7 (3d Cir. 2006) (information nine months old not stale); *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006) (information two years old not stale in a child pornography case); *Riccardi*, 405 F.3d at 861 (information five years old not stale in child pornography case); *United States v. Shackleford*, 2007 WL 403627 (E.D. Ky. Feb. 1, 2007)(citing *Riccardi*, 405 F.3d at 860-61) ("The staleness in child pornography cases may be measured in years – not months."). Further, given the nature of computer storage, it is reasonable to assume that the computer that originally contained the image in question still contained that image because "images and videos stored on a computer are not easily eliminated from a computer's hard drive." *United States v. Toops*, 2007 WL 433562 *4 (M.D. Ala. Feb. 6, 2007).

The fourth factor considers whether the place identified by the search warrant is a mere criminal forum of convenience or a secure operational base. *See Abbound*, 438 F.3d at 573. There is a greater probability of finding evidence at a location that is "at the heart of the criminal charges." *See id.* at 574. Since criminal activity involving child pornography is often conducted in a private setting, such as a home, by persons who commonly collect and store their materials (*see Wagers*, 452 F. Supp. 2d at 1335), there is reasonable likelihood that the perpetrator in this case used a computer at his residence to store and transmit the illicit images in question.

Thus, the court finds that the information in the affidavit is sufficiently timely and of

adequate detail to establish a substantial basis for the officers, as objectively reasonable officers, to conclude that illegal images of child pornography likely would be found at the address on the warrant on the day of the search.

**2.     Good Faith Exception**

The defendant argues that the good faith exception to the exclusionary rule does not apply. Since the court finds that the search warrant was supported by sufficient evidence that was not stale, the application of the good faith exception is immaterial. Even if the search warrant was not supported by sufficient evidence, the court finds that the good faith exception applies. In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court established the good faith exception, stating that evidence should be suppressed based on a lack of probable cause only if the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Leon*, 468 U.S. at 923. There are four exceptions to this rule: (1) where the supporting affidavit contains information the affiant knew or should have known is false; (2) where the issuing magistrate lacked neutrality and detachment; (3) where the affidavit is devoid of information that would support a probable cause determination making any belief that probable cause exists completely unreasonable; or (4) where the warrant is facially deficient. *United States v. Helton*, 314 F.3d 812, 824 (6th Cir. 2003).

The defendant argues that the affidavit was "bare bones." The Sixth Circuit has held that "bare bones" affidavits contain only suspicion, beliefs, or conclusion, without providing some underlying factual circumstance to justify a warrant. *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005). Here, the affidavit contains information demonstrating that the defendant was engaged in the receipt of child pornography on at least eight occasions. Thus, the officers were

objectively reasonable in relying on the warrant to search for child pornography. Law enforcement had a "reasonable basis to believe that the information that was submitted supported the issuance of a search warrant." *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004)(emphasis omitted).

**3.     Due Process and Equal Protection Violation**

The defendant also argues that his right to due process and equal protection under the Fifth and Fourteenth Amendments were violated because the search warrant was not filed with the Madison Circuit Court Clerk until October 15, 2007, in violation of a local rule. Local Rule 207 requires that all search warrants and supporting affidavits shall be filed within 48 hours of execution. Here, the return for the search warrant was made in a timely fashion pursuant to Kentucky Rule 13.10 and Rule 41 of the Federal Rules of Criminal Procedure but violated the local 48-hour rule. Since the search and seizure was lawful as discussed above, the return that violated a local rule does not constitute a violation of any fundamental right of the defendant. Further, permitting the introduction of the evidence does not encourage police misconduct and forum shopping as argued by the defendant.

**III.     CONCLUSION**

Accordingly, **IT IS ORDERED**, that the defendant's motion to suppress [DE 10] is **DENIED**.

This 6th day of March, 2009.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**